# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

LAWSON P. ROBERTS,
    Plaintiff,

-vs-                                                Case No. A-16-CA-1272-SS

STEVEN MNUCHIN, Secretary of Treasury,
    Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Steven Mnuchin (Defendant)'s Motion for Reconsideration, or, in the alternative, Motion for Summary Judgment [#16], Plaintiff Lawson P. Roberts (Plaintiff)'s Response [#17] in opposition, and Defendant's Reply [#18] in support. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order DENYING the motion for reconsideration.

### Background

In his motion for reconsideration, Defendant asks this Court to reconsider its order denying Defendant's amended motion to dismiss for lack of subject matter jurisdiction, or, in the alternative, motion for summary judgment. Mot. Recons. [#16] at 1.

Plaintiff, an employee of the Internal Revenue Service (IRS) and thus an employee of the Department of the Treasury (the Treasury), filed this suit on December 5, 2016. Compl. [#1]. Plaintiff contends the Treasury, through the actions of the IRS, unlawfully retaliated against him for filing complaints and participating in Equal Employment Opportunity (EEO) conflict resolution processes in violation of Title VII's anti-retaliation provision, 42 U.S.C. § 2000e-3(a). *Id.* ¶¶ 8–10.

As part of that alleged retaliation, Plaintiff claims the Treasury's efforts to settle his complaints, via the Settlement Agreement, were conducted in bad faith. *Id.* ¶ 10.

On September 26, 2017, the Court entered an order denying Defendant's motion to dismiss because "Plaintiff carried his burden to establish this Court's subject matter jurisdiction . . . ." Order of Sept. 26, 2017 [#10] at 7. Now, Defendant asks the Court to reconsider that order.

## Analysis

### I. Legal Standard

The Court construes Defendant's motion for reconsideration as a Rule 54(b) motion because it asks the Court to reconsider its refusal to dismiss Plaintiff's claims for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 54(b) (giving a district court discretion to "revise[] at any time before the entry of a judgment" "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). While a district court's discretion to reconsider its orders is broad, "it is exercised rarely to avoid the perpetual reexamination of orders and the resulting burdens and delays." *Iturralde v. Shaw Grp., Inc.,* No. CIV.A. 05-330, 2012 WL 1565356, at *3 (M.D. La. May 1, 2012) (citations omitted), *aff'd*, 512 F. App'x 430 (5th Cir. 2013).

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court . . . [a]nd the standard would appear to be less exacting than that imposed by Rules 59 and 60." *Cantwell Family Tr. (1998) & Cantwell Holdings, Ltd. v. Hyten,* No. A-15-CA-414-SS, 2016 WL 1610610 at *2 (W.D. Tex. Apr. 20, 2016) (citing *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009)). In examining a Rule 54(b) motion to reconsider, however, "considerations similar to

those under Rules 59 and 60 inform the Court's analysis." *Id.* In particular, a Court considers "whether the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification . . . ." *Dos Santos*, 651 F. Supp. 2d at 553 (citations omitted).

## II. Application

For a complaint to survive a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(1), the party seeking access to the federal forum must establish federal subject matter jurisdiction exists. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Where sovereign immunity applies, claims asserted against the immune party "can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty.*, 88 F.3d 341, 343 (5th Cir. 1996).

In its September 26, 2017 Order, this Court determined it had subject matter jurisdiction over Plaintiff's claims. Notably, the Court found Plaintiff brought only claims for unlawful retaliation in violation of 42 U.S.C. § 2000e-3(a) and did not allege breach of contract. Order of Sept. 26, 2017 [#13] at 5–7. The Court also concluded Plaintiff had properly exhausted his claims before filing this lawsuit. *Id* at 6–7.

Nothing in Defendant's motion for reconsideration suggests the Court erred in denying Defendant's motion to dismiss via the September 26, 2017 Order. The majority of Defendant's motion for reconsideration attempts to rehash arguments the Court already considered. Specifically, Defendant repeats his argument Plaintiff's retaliation claims are, in effect, a single breach of contract claim and thus barred by sovereign immunity. *Id.* at 1–4.

Defendant's argument is just as unpersuasive the second time as it was the first. For example, Defendant makes much of the fact Plaintiff asks that two of his EEO complaints be reinstated and the Settlement Agreement be set aside in the section of his complaint titled "Prayer." Mot. Recons. [#16] at (citing Compl. [#1] ¶ 13). Defendant argues Plaintiff's complaint "requests only the breach of contract remedy of recision . . . ." *Id.* However, Defendant ignores how Plaintiff's complaint also requests damages and attorney fees. *See* Compl. [#1] ¶¶ 11–12.[1]

Perhaps in an effort to convince the Court of the strength of his argument, Defendant quotes nearly three pages of *Charles v. McHugh*, 613 F. App'x 300 (5th Cir. 2015) to illustrate where a court rejected allegedly "similar efforts of an employment discrimination plaintiff to sue for rescission of a settlement agreement." Mot. Recons. [#16] at 3–4. Yet, in portions of *Charles* Defendant declines to quote, it becomes apparent this case and *Charles* are distinguishable. In *Charles,* the Fifth Circuit explicitly noted, the plaintiff "does not allege that she was discriminated against on one of the bases articulated in [Title VII]" 613 F. App'x at 333. Thus, the Fifth Circuit concluded, "Because [Plaintiff] does not actually bring employment discrimination claims in *this* case, it falls outside of the plain terms of [Title VII]." *Id.* (emphasis in original). By contrast, the Plaintiff here does allege impermissible retaliation in violation of Title VII, which includes the IRS's bad faith in drafting and executing the Settlement Agreement. As a result, Plaintiff's claims, for the moment, support this Court's subject matter jurisdiction.[2]

---

[1] To limit Plaintiff to the requested relief in the "Prayer" section where other relief is specifically sought would impose overly formulaic pleading requirements.

[2] If at a later point, however, it becomes apparent Plaintiff is only bringing a claim for breach of contract rather than claims under Title VII, sovereign immunity will bar the Court from exercising subject matter jurisdiction over this case.

In sum, Defendant's motion for reconsideration presents no argument or evidence warranting reconsideration of the Court's order denying Defendant's motion to dismiss for lack of subject matter jurisdiction. Consequently, the Court DENIES Defendant's motion for reconsideration.

**Conclusion**

Accordingly:

IT IS ORDERED that Defendant Steven Mnuchin's Motion for Reconsideration, or, in the alternative, Motion for Summary Judgment [#16] is DENIED.

SIGNED this the 6th day of November 2017.

                                              SAM SPARKS
                                              UNITED STATES DISTRICT JUDGE